## Abbott v. Abbott

*Paul E. Allen,* for plaintiff.
*Lee C. Fuller,* for defendant.

JOYCE, *J.,* September 3, 1986—This matter comes before the court on defendant's motion for a special order permitting depositions.

Plaintiff and defendant in this action were married in August, 1952. The parties separated in July 1983 and plaintiff initiated divorce proceedings in April, 1985. Defendant subsequently filed a demand for the equitable distribution of all marital property with a special interest in any business previously owned by the parties. It is this particular interest which prompted defendant's motion.

Defendant alleges that since the parties' separation, plaintiff and a son, Robert Abbott, have managed and operated a business known as Meadville Sandblasting, which is marital property as it is the same business once owned by defendant under the name of Abbott Sandblasting & Coating. Defendant claims that he has been unable to obtain an accurate accounting of the business assets or ascertain the status of accounts associated with the business.

Further, based upon the belief that the business is somewhat complex, defendant claims that

interrogatories would be an insufficient means of discovery and has requested this court to enter an order permitting defendant to depose plaintiff and their son regarding the origins and value of the business.

Plaintiff objects to defendant's request for depositions stating that any business interests of defendant were resolved via bankruptcy proceedings in Erie County in 1979. Plaintiff provides that Robert Abbott is the sole shareholder of Meadville Sandblasting which he formed after defendant was released from bankruptcy and that defendant was never associated with the business. (However, plaintiff does claim that defendant misappropriated funds from the son's business.) Therefore, plaintiff rejects defendant's contentions that Meadville Sandblasting is marital property and further states that there is no marital estate to be distributed.

At this point in time, the court is not required to rule on the issue of whether the business constitutes marital property. We are compelled to examine the scope of discovery as it relates to divorce proceedings.

In general, discovery is governed by Rules 4001 through 4025 of the Pennsylvania Rules of Civil Procedure. However, Rule 4001(a)(2) specifically provides that these rules shall not generally apply to an action in divorce.

"Rule 4001. Scope. Definitions

"(a)(1) The rules of this chapter apply to any civil action or proceeding at law or in equity brought in or appealed to any court which is subject to these rules including any action pursuant to the Eminent Domain Code of 1964 or the Municipal Claims Act of 1923.

"(2) These rules shall not apply to an action of divorce or for annulment of marriage, an action for

support, or an action for custody of minor children except to the extent prescribed by the rules governing those actions."

Therefore, the court is directed to the Pennsylvania Rules of Civil Procedure regarding divorce or annulment of marriage. Rule 1920.22 addresses the scope of discovery applicable in divorce matters.

"Rule 1920.22 Discovery

"(a) Except as provided by subdivision (b), there shall be no discovery in an action of divorce or for annulment or a claim which has been joined as permitted under the Divorce Code unless authorized by special order of court.

"(b) When a claim is made for alimony or the determination and distribution of property rights, any party may serve upon any other party as of course within such time as not to delay the trial interrogatories limited to those claims. The practice and procedure shall be governed by the rules of civil procedure governing depositions and discovery."

This rule obviously limits a party's absolute right to discovery to interrogatories with regards to claims of alimony or distribution of property. However, when essential to a just disposition of property, it is within the court's discretion to order the use of oral depositions. When circumstances dictate, a full scope of discovery is available in divorce matters. Yet the language in Rule 1920.22 indicates that blanket allowance of means of discovery other than the interrogatories designated in 1920.22(a) was not anticipated.

What circumstances then justify the court's approval of a request for oral depositions in a divorce matter? Case law provides little guidance. Those decisions rendered prior to the advent of the Divorce Code reveal a lack of uniformity in this area. One line of cases supported the idea that the filing of a

bill of particulars was sufficient discovery in divorce actions. Cutler v. Cutler, 23 D.&C.2d 257 (1961); Snyder v. Snyder, 41 D.&C.2d 547 (1967). Yet other courts held that the discovery rules did not except from their operation, actions in divorce. Appelgate v. Applegate, 11 D.&C.2d 471 (1958); Roschel v. Roschel, 6 D.&C.3d 362 (1978). Those cases decided since the enactment of the Divorce Code do not necessarily clarify this issue. In McCann v. McCann, 19 D.&C.3d 234 (1981), the Chester County Court of Common Pleas referred to this area of law as "uncharted territory." Id. at 236. However, the court acknowledged the trend towards liberalizing discovery and indicated their approval of the same. In this case, a special master had recommended the use of blanket discovery and the wife filed exceptions to that recommendation. Upon review, the court noted that based on filed answers to interrogatories, the husband was the principal shareholder of a small closely-held corporation and in such a situation, discovery by oral deposition was likely to be helpful. Id. at 235. Therefore, the court would not approve a blanket order for oral depositions but granted the wife leave to depose the husband's accountant and all other discovery was to occur by way of written interrogatories.

The court is aware that the expansion of the scope of discovery is advocated by many family law practitioners. N. Perlberger, Pa. Divorce Code §7.9 (1985 Supp.), C. Shainberg, Discovery in Family Law Cases The Last of the Perry Mason Courts, 1981 Pa. Family Lawyer 1386.

To effectuate economic justice between the parties who are divorced or separated is one of the objectives of the Divorce Code, 23 P.S. §102(a)(6). In order to do so, the court must receive relevant information concerning the financial history of the

marriage. To promote full disclosure, each litigant is required to file an inventory and appraisement report of all property in which there is a legal or equitable interest under §401 of the Divorce Code. (23 P.S. §403(b)). Further, §403(c) of the Divorce Code provides for penalties for those who negligently or deliberately fail to disclose the required information in the inventory or appraisal. These provisions in addition to the right to interrogatories were intended to provide the discovery necessary in the vast majority of divorce cases.

This court does not condone the withholding of financial information which would preclude an accurate assessment of a party's assets and liabilities. Certainly where information is essential to the determination of equitable distribution, the court will permit discovery. Campbell v. Campbell, 25 D.&C.3d 532 (1982).

In the instant action, defendant claims that he has been unable to obtain the desired information regarding the business in question but the court is not persuaded that his efforts to date justify the granting of his request for depositions. The record reveals that neither party has filed an inventory and appraisal, nor have interrogatories been filed. Inquiries about the line of questioning defendant intended to pursue if his motion is granted revealed uncertainty as to what defendant was actually seeking.

While we are convinced that when good cause is shown, complete discovery should be extended to divorce actions, we do not want to encourage fishing expeditions, the use of costly discovery tools, or the unnecessary aggravation of existing hostilities. If defendant first avails himself of the right to interrogatories, the responses may limit the areas which require clarification.

Therefore, the court will only permit the use of oral depositions after answers have been filed to written interrogatories and it is demonstrated that the answers are insufficient or the court suspects attempts to frustrate disclosure of required information.

## ORDER

And now, this September 3, 1986, defendant's motion for special order permitting depositions is hereby denied.